## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT LOUISVILLE

**NATHAN PRIVETT** *et al.*                                                                 **PLAINTIFFS**

**v.**                                                            **CIVIL ACTION NO. 3:12CV-P210-H**

**JOHN GREVERE** *et al.*                                                                 **DEFENDANTS**

### MEMORANDUM OPINION

Plaintiff Nathan Privett filed a *pro se* complaint arising out of his incarceration at the Kentucky State Reformatory.[1] On May 4, 2012, the Court entered an Order directing Plaintiff within 30 days to (1) re-file his complaint on the Court's form and tender summonses for each Defendant and (2) re-file his application to proceed without prepayment of fees and file a certified copy of his prison trust account statement. The Order stated, "Privett is WARNED that failure to comply with any part of this Order within 30 days of the entry date may result in dismissal of the action." Privett has not filed anything in response to the Order.

Although federal courts afford *pro se* litigants some leniency on matters that require legal sophistication, such as formal pleading rules, the same policy does not support leniency from court deadlines and other procedures readily understood by laypersons, particularly where there is a pattern of delay or failure to pursue a case. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). "[T]he lenient treatment of pro se litigants has limits. Where, for example, a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d

---

[1] Privett listed two other Plaintiffs in the caption of the complaint. However, the allegations pertained only to him, and it was therefore unclear whether Privett actually intended them to be Plaintiffs. The Court clarified in the May 4, 2012, Order that the only proper Plaintiff in the action was Privett.

413, 416 (6th Cir. 1996) (citing *Jourdan*, 951 F.2d at 110).  Courts have an inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962).

Upon review, Privett's failure to comply with the Court's Order shows a failure to pursue his case.  Therefore, by separate Order, the Court will dismiss the instant action.

Date:




cc:     Plaintiff Privett, *pro se*
4412.010